JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 22-00995-DOC-(SHKx)   Date: December 8, 2022

Title: ERIC HOLMES V. CRST, INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

Before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 39) filed by Defendant CRST Expedited, Inc. (Dkt. 39). For reasons set forth below, the Court, on its own motion, REMANDS this case to the Superior Court of California, County of Riverside. Accordingly, Defendants' MOTION to Dismiss Plaintiff's Second Amended Complaint is DENIED AS MOOT.

## I.   Background

This action arises from the alleged discrimination, harassment, and retaliation Plaintiff Eric Holmes (Plaintiff) faced while hired by Defendant. Plaintiff was employed by Defendant for a total of approximately nine months, from December 30, 2020 to February 1, 2021, and from March 11, 2021 to November 16, 2021. *See* Mot. at 1 & n. 1

On May 11, 2022, Plaintiff filed this action in California Superior Court for the County of Riverside against Defendant ("Complaint") (Dkt. 1-1). On June 15, 2022, Defendant removed the action to the United States District Court for the Central District of California based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a). ("Notice of Removal") (Dkt. 1).

Plaintiff's Complaint sought damages in excess of $40,000,000 for fourteen causes of action against Defendants: (1) Discrimination; (2) Harassment; (3) Retaliation; (4) Unlawful Retaliation;(5) Failure to Prevent Harassment and Discrimination; (6) Aiding and Abetting Discrimination; (7) Wrongful Constructive Termination; (8) Violation of the UNRUH Civil Rights Act; (9) Violation of the Ralph Civil Rights Act of 1946; (10) Negligence; (11) Negligent Supervision; (12) Negligent Failure to Warn,Train, or Educate; (13) Intentional Infliction of Emotional Distress; and (14) Negligent Infliction of Emotional Distress.

On July 5, 2022, Plaintiff filed a First Amended Complaint. (Dkt. 11). On July 15, 2022, Plaintiff filed a motion to remand the case back to Superior Court. ("Motion to Remand") (Dkt. 16).On July 22, 2022, Defendant filed a Motion to Partially Dismiss Plaintiff's FAC. (Dkt. 21).

On August 8, 2022, Defendant opposed the Motion to Remand. ("Def.'s Opp'n to Remand") (Dkt. 23). In that opposition, Defendant maintained that diversity of citizenship exists because the amount-in-controversy is met because "courts routinely award more than $75,000 for emotional distress damages in discrimination, harassment, and retaliation cases; (2) employment discrimination cases in California have resulted in punitive damages awards exceeding $75,000; or (3) a reasonable estimation of Plaintiff's front pay claim and an attorneys' fee award in this case each easily exceeds $75,000." *Id.* at 6.

On August 30, 2022, the Court granted Plaintiff's Motion to amend the FAC (Dkt. 31). Accordingly, the Court denied as moot Defendant's motion to dismiss (Dkt. 21) and Plaintiffs Motion to Remand (Dkt. 16).

Plaintiff the filed a Second Amended Complaint on August 29, 2022. (Dkt. 32). Defendant moved to dismiss the SAC on September 12, 2022. ("Mot.") (Dkt. 39).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and

JS-6

annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.   Discussion

Defendant has maintained that this Court has diversity jurisdiction in this action. Notice of Removal ¶ 11–56. Specifically, Defendant alleges that the damages exceed $75,000 based on front pay, emotional distress damages, punitive damages, and attorneys' fees. *Id.* ¶¶ 52–55. Upon review of the damages at issue, the Court disagrees.

The Court considers lost wages in the period from termination until removal to federal court.  Here, Plaintiff was terminated in November 2021, and the case was removed on June 15, 2022. *See* Notice of Removal.
According to Defendant, Plaintiff was compensated at $14.00 to $17.00 per hour in 2021. Notice of Removal ¶ 51. Based on this, Defendants conservatively estimate that Plaintiff would have earned approximately $29,120.00 in yearly compensation from CRST Expedited. *Id.* An annual salary of $29,120 over this time period results in approximately $17,000 in lost wages.

The Court does not include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added).

Based on the annual salary rate Defendants calculate, Defendant also contends that Plaintiff's front pay claim would be at least $960,960.00. *Id.* ¶ 52. Defendant reaches this number by multiplying Plaintiff's annual rate of compensation ($29,120) by 33 years—which is the difference between Plaintiff's age and an assumed retirement age of 65. *Id.* But Plaintiff's complaint does not specify any front pay amount and, to the extent it does, it remains ambiguous or unsupportable.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

As to setting a value for Plaintiff's emotional distress claims, courts have noted that, "in the context of an employment action, it is reasonable to apply a 1:1 ratio to

emotional distress and economic damages for purposes of the present jurisdictional analysis." *Cotoc v. Dolex Dollar Express, Inc.*, No. LA CV20-06066 JAK (MAAx), 2021 WL 3783581, at *6 (C.D. Cal. Aug. 25, 2021) (citing *Garfias v. Team Indus. Servs., Inc.*, No. LA CV17-04282 JAK (AGRx), 2017 WL 4512444, at *5 (C.D. Cal. Oct. 10, 2017)). In this action, that amount would be approximately $17,000.

The calculation for punitive damages is similarly determined. "[D]istrict courts within the Ninth Circuit have deemed a 1:1 ratio of punitive damages to compensatory damages as 'conservative' for purposes of assessing the amount in controversy requirement." *Id*. (citing *Zapata Fonseca v. Vigo Importing Co.,* No. 5:16–cv–02055–EJD, 2016 WL 6249006, at *2 (N.D. Cal. Oct. 26, 2016)); *see also Molina v. Target Corp.*, No. CV 18-03181-RSWL-FFM, 2018 WL 3935347, at *4 (C.D. Cal. Aug. 14, 2018); *Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678 PSG (GJSx), 2019 WL 3493991, at *6 (C.D. Cal. July 31, 2019); *Bayol v. Zipcar, Inc.*, No. 14–cv–02483–TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015).

A 1:1 ratio for emotional distress damages and punitive damages thus increases the amount in controversy to $51,000. This amount is calculated as follows:

$17,000 (lost wages) + $17,000 (emotional distress) + $17,000 (punitive damages) = $51,000.

Accordingly, Defendant has not shown by a preponderance of the evidence that Plaintiff's damages exceed $75,000.

### IV.   Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Riverside County California and **DISMISSES AS MOOT** all pending motions.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                Initials of Deputy Clerk: kdu
CIVIL-GEN